No. 12-16373

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

————————————————

In re: APPLICATION FOR EXEMPTION FROM ELECTRONIC PUBLIC

ACCESS FEES BY JENNIFER GOLLAN AND SHANE SHIFFLETT,

JENNIFER GOLLAN; SHANE SHIFFLETT,

Applicants-Appellants.

————————————————

On Appeal from the United States District Court
for the Northern District of California
D.C. No. 3:12-mc-80113-JW
(Honorable James Ware)

————————————————

**APPLICANTS-APPELLANTS JENNIFER GOLLAN AND
SHANE SHIFFLETT'S EXCERPTS OF RECORD**

————————————————

THOMAS R. BURKE (SB# 141930)
  thomasburke@dwt.com
ROCHELLE L. WILCOX (SB# 197790)
  rochellewilcox@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

JUDY ALEXANDER (SB# 116515)
  jalexander@judyalexander.com
2302 Bobcat Trail
Soquel, CA 95073
Telephone: (831) 462-1692

Attorneys for Applicants-Appellants
JENNIFER GOLLAN and SHANE SHIFFLETT

## INDEX

| TAB | DESCRIPTION (CITATION) | DOCKET/ RT CITE | DATE | PAGE |
|---|---|---|---|---|
| 1. | Applicants Jennifer Gollan and Shane Shifflett's Notice of Appeal to the United States Court of Appeals For The Ninth Circuit | 4 | F:  06/12/12 | 001-010 |
| 2. | Order Denying  Application For Exemption From Electronic Public Access Fees | 3 | F:  05/16/12 | 011-014 |
| 3. | Renewed Application For Exemption From Pacer Fees | 2 | F:  05/08/12 | 015-022 |
| 4. | Order Revoking Exemption From Electronic Public Access Fees | N/A | D:  04/30/12 | 023-025 |
| 5. | Transcript of Proceedings | N/A | D:  04/30/12 | 026-036 |
| 6. | Notice of Hearing Regarding Revocation of Exemption From Electronic Public Access Fees | N/A | D:  04/10/12 | 037-039 |
| 7. | Order Granting Exemption From Electronic Public Access Fees | N/A | D:  03/21/12 | 040-045 |
| 8. | Application for Exemption From Pacer Fees | N/A | D:  03/19/12 | 046-049 |
| 9. | CIVIL DOCKET FOR CASE #: 3:12-MC-80113-JW | N/A | N/A | 050-051 |

DWT 20520194v1 0200236-000002

RESPECTFULLY SUBMITTED this 22nd day of October, 2012.

LAW OFFICES OF JUDY ALEXANDER
JUDY ALEXANDER

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ROCHELLE L. WILCOX


By  */s/  Thomas R. Burke*
　　　Thomas R. Burke

Attorneys for Applicants-Appellants
JENNIFER GOLLAN and SHANE SHIFFLETT

**FILED**

2012 JUN 12 A II: 58

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CA. S.J.

1  JUDY ALEXANDER (CA State Bar No. 116515)
   LAW OFFICE OF JUDY ALEXANDER
2  2302 Bobcat Trail
   Soquel, California 95073
3  Telephone: (831) 462-1692

4
   THOMAS R. BURKE (CA State Bar No. 141930)
5  E-mail: thomasburke@dwt.com
   DAVIS WRIGHT TREMAINE LLP
6  505 Montgomery Street, Suite 800
   San Francisco, California 94111
7  Telephone: (415) 276-6500
   Facsimile: (415) 276-6599
8
9  Attorneys for Applicants
   JENNIFER GOLLAN and SHANE SHIFFLETT

10

11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  | In re Application for Exemption from | ) | Case No. MISC 12-80113 JW |
16  | Electronic Public Access Fees by Jennifer | ) | |
    | Gollan and Shane Shifflett, | ) | **APPLICANTS JENNIFER GOLLAN AND** |
17  | | ) | **SHANE SHIFFLETT'S NOTICE OF** |
    | | ) | **APPEAL TO THE UNITED STATES** |
18  | | ) | **COURT OF APPEALS FOR THE NINTH** |
    | | ) | **CIRCUIT** |
19  | | ) | |
    | | ) | Assigned to the Hon. James Ware |
20  | | ) | |
    | | ) | Original Application Filed:  March 19, 2012 |
21  | | ) | Re-Application Filed:        May 8, 2012 |

22

23

24

25

26

27

28

1       Notice is hereby given Applicants Jennifer Gollan and Shane Shifflett ("Applicants"),

2   hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Order Denying

3   Application for Exemption from Electronic Public Access Fees, entered in this case on May 16,

4   2012 (the "Order"), and all interlocutory orders that gave rise to that Order. A true and correct

5   copy of the Order is attached hereto as Exhibit A.

6       Attached to this Notice as Exhibit B is Petitioner's Representation Statement, pursuant to

7   Federal Rule of Appellate Procedure 12(b) and Ninth Circuit Rules 3-2(b) and 12-2.

8

9   DATED: June 11, 2012

                             LAW OFFICE OF JUDY ALEXANDER
                             JUDY ALEXANDER

10

11                               DAVIS WRIGHT TREMAINE LLP
                             THOMAS R. BURKE

12

13                               By:_____/s/Thomas R. Burke_____

14                                     Thomas R. Burke

15                             Attorneys for Applicants
                           JENNIFER GOLLAN and SHANE SHIFFLETT

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      1

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re Application for Exemption from
Electronic Public Access Fees by Jennifer
Gollan and Shane Shifflett

NO. MISC 12-80113 JW

**ORDER DENYING APPLICATION FOR
EXEMPTION FROM ELECTRONIC
PUBLIC ACCESS FEES**

_____/

Presently before the Court is Jennifer Gollan ("Gollan") and Shane Shifflett's ("Shifflett") Application for Exemption from Electronic Public Access Fees.[1]  In their Renewed Application, Gollan and Shifflett–who contend that they are "reporters" who work for the Center for Investigative Reporting–request a limited exemption from payment of electronic public access fees for the purpose of conducting a "research project" that is intended, *inter alia*, to "increase the public's understanding of the federal judiciary and its commitment to accountability."  (Id. at 1-2.)

On March 21, 2012, the Court issued an Order Granting Exemption from Electronic Public Access Fees[2] to Gollan and Shifflett, who at that time were employees of The Bay Citizen.  As the Court explained in its March 21 Order, the exemption was granted, *inter alia*, on the basis of Gollan and Shifflett's representation that The Bay Citizen is "a charitable and educational 501(c)(3) organization in California that is dedicated to informing and engaging the public with incisive

---

[1] (Renewed Application for Exemption from PACER Fees, hereafter, "Renewed Application," Docket Item No. 2.)

[2] (hereafter, "March 21 Order.")

EXHIBIT A

United States District Court

For the Northern District of California

1  research."[3] As the March 21 Order also explained, 28 U.S.C. § 1914–which sets forth the Electronic

2  Public Access Fee Schedule (the "Schedule") promulgated by the Judicial Conference–provides that

3  "courts may, upon a showing of cause, exempt . . . section 501(c)(3) not-for-profit organizations"

4  from payment of electronic public access fees.  However, the Judicial Conference Policy Notes on

5  the Schedule also state that courts "should not exempt . . . members of the media" from payment.

6          On April 10, 2012, the Court set an Order to Show Cause Hearing in regard to its March 21

7  Order, on the ground that it was not clear whether Gollan and Shifflett, as employees of The Bay

8  Citizen, were "members of the media," which–the Court explained–would mean that they should not

9  be exempted from payment of electronic public access fees, pursuant to Judicial Conference policy.

10  At the April 30 Order to Show Cause Hearing, counsel for Gollan and Shifflett explained that The

11  Bay Citizen had recently merged with another organization, and further explained that Gollan and

12  Shifflett are both reporters.  Further, counsel agreed that it would be appropriate for Gollan and

13  Shifflett to file a renewed application for an exemption from electronic public access fees, and that it

14  would also be appropriate for their exemption to be suspended pending the Court's consideration of

15  their renewed application.  Accordingly, the Court vacated its March 21 Order without prejudice to

16  Gollan and Shifflett to file a renewed application for an exemption.  On May 8, 2012, Gollan and

17  Shifflett filed the present Renewed Application for Exemption.

18          Upon review, the Court does not find good cause to grant Gollan and Shifflett an exemption

19  from payment of electronic public access fees.  As explained above, the Judicial Conference Policy

20  Notes to 28 U.S.C. § 1914 expressly state that courts should not grant such exemptions to "members

21  of the media."  As their Renewed Application makes clear, Gollan and Shifflett are reporters, which

22  makes them "members of the media."  (See Renewed Application at 1-6.)  Thus, the Court finds that

23  it would be inappropriate to grant Gollan and Shifflett an exemption from payment of electronic

24

25  _____

26      [3]  In their Application which led to the Court's issuance of the March 21 Order, Gollan and
Shifflett identified themselves as "reporters."  However, that Application focused on the status of
27  The Bay Citizen as a 501(c)(3) organization rather than on the status of Gollan and Shifflett as
reporters.  The same emphasis was reflected in the Court's March 21 Order.

28

2

EXHIBIT  A

1   public access fees, pursuant to the Judicial Conference policy precluding the granting of such

2   exemptions to members of the media.

3          Gollan and Shifflett contend that, even though the Judicial Conference Policy Notes state

4   that courts should not grant an exemption to members of the media, that prohibition "should not

5   apply to members of the media who are part of section 501(c)(3) nonprofit organizations," insofar as

6   the Schedule authorizes exemptions for such nonprofit organizations.  (Renewed Application at 6.)

7   However, Gollan and Shifflett offer no authority in support of their interpretation of the Schedule

8   and the Judicial Conference Policy Notes associated with the Schedule.  In the absence of any such

9   authority, the Court declines to adopt Gollan and Shifflett's interpretation.

10         Accordingly, the Court DENIES the Renewed Application for Exemption.

13   Dated: May 16, 2012

JAMES WARE
United States District Chief Judge

**United States District Court**
For the Northern District of California

3

EXHIBIT A

1   THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

2   Judy Alexander jalexander@judyalexanderlaw.com
    Thomas R. Burke thomasburke@dwt.com
3

4   Dated:  May 16, 2012                              Richard W. Wieking, Clerk

5
                                                      By:     /s/ JW Chambers
6                                                           William Noble
7                                                           Courtroom Deputy

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

EXHIBIT  A

006

## REPRESENTATION STATEMENT

Pursuant to Federal Rule of Appellate Procedure 12(b) and Ninth Circuit

Rules 3-2(b) and 12-2, Applicants/Appellants, Jennifer Gollan and Shane Shifflett,

hereby certify that the parties in this case and the names, addresses, and telephone

numbers of their respective counsel, are as follows:

Applicants/Appellants,
Jennifer Gollan and Shane Shifflett:

Judy Alexander (CA State Bar No. 116515)
LAW OFFICE OF JUDY ALEXANDER
2302 Bobcat Trail
Soquel, California 95073
Telephone:  (831) 462-1692

Thomas R. Burke (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599

Real Party in Interest, United States District Court
for the Northern District of California, San Francisco Division:

Clerk of Court
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489
(415) 522-2000

Honorable James Ware
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489
(415) 522-2036 (Courtroom Deputy)

EXHIBIT B

RESPECTFULLY SUBMITTED this 11th day of June, 2012.

LAW OFFICE OF JUDY ALEXANDER
Judy Alexander

DAVIS WRIGHT TREMAINE LLP
Thomas R. Burke

By ____*s/Thomas R. Burke*____
          Thomas R. Burke

Attorneys for Applicants/Appellants
Jennifer Gollan and Shane Shifflett



EXHIBIT B

I

DWT 19735545v1 0050033-000045

008

## Proof of Service

I, Natasha Majorko, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111. I caused to be served the following document:

**APPLICANTS JENNIFER GOLLAND AND SHANE SHIFFLETT'S NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

I caused the above document to be served on each person on the attached list by the following means:

☐    I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on _____, following the ordinary business practice.
*(Indicated on the attached address list by an* [M] *next to the address.)*

☐    I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on _____, for guaranteed delivery on _____, following the ordinary business practice.
*(Indicated on the attached address list by an* [FD] *next to the address.)*

☐    I consigned a true and correct copy of said document for facsimile transmission on _____.
*(Indicated on the attached address list by an* [F] *next to the address.)*

☒    I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on **June 12, 2012**.
*(Indicated on the attached address list by an* [H] *next to the address.)*

☐    A true and correct copy of said document was emailed on _____.
*(Indicated on the attached address list by an* [E] *next to the address.)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business. Executed on **June 12, 2012**, at San Francisco, California.

         _____/s/ Natasha Majorko_____
         Natasha Majorko

US District Court for the Northern District of CA Case No. MISC 12-80113 JW
**PROOF OF SERVICE**
DWT 19736965v1 0050033-000045

009

# Service List

| Key: | [M] Delivery by Mail | [FD] | Delivery by Federal Express | [H] Delivery by Hand |
|---|---|---|---|---|
| | [F]  Delivery by Facsimile | [FM] | Delivery by Facsimile and Mail | [E]  Delivery by Email |

**[H]**  Clerk of Court
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Telephone: (415) 522-2000

Real Party in Interest, United
States District Court
for the Northern District of
California, San Francisco

**[H]**  Honorable James Ware
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Telephone: (415) 522-2036
(Courtroom Deputy)

Real Party in Interest, United
States District Court
for the Northern District of
California, San Francisco

US District Court for the Northern District of CA Case No. MISC 12-80113 JW
**PROOF OF SERVICE**

DWT 19736965v1 0050033-000045

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Application for Exemption from Electronic Public Access Fees by Jennifer Gollan and Shane Shifflett | NO. MISC 12-80113 JW |
| | **ORDER DENYING APPLICATION FOR EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES** |

_____/

Presently before the Court is Jennifer Gollan ("Gollan") and Shane Shifflett's ("Shifflett") Application for Exemption from Electronic Public Access Fees.[1]  In their Renewed Application, Gollan and Shifflett–who contend that they are "reporters" who work for the Center for Investigative Reporting–request a limited exemption from payment of electronic public access fees for the purpose of conducting a "research project" that is intended, *inter alia*, to "increase the public's understanding of the federal judiciary and its commitment to accountability."  (Id. at 1-2.)

On March 21, 2012, the Court issued an Order Granting Exemption from Electronic Public Access Fees[2] to Gollan and Shifflett, who at that time were employees of The Bay Citizen.  As the Court explained in its March 21 Order, the exemption was granted, *inter alia*, on the basis of Gollan and Shifflett's representation that The Bay Citizen is "a charitable and educational 501(c)(3) organization in California that is dedicated to informing and engaging the public with incisive

_____

[1] (Renewed Application for Exemption from PACER Fees, hereafter, "Renewed Application," Docket Item No. 2.)

[2] (hereafter, "March 21 Order.")

United States District Court

For the Northern District of California

1    research."[3]  As the March 21 Order also explained, 28 U.S.C. § 1914–which sets forth the Electronic

2    Public Access Fee Schedule (the "Schedule") promulgated by the Judicial Conference–provides that

3    "courts may, upon a showing of cause, exempt . . . section 501(c)(3) not-for-profit organizations"

4    from payment of electronic public access fees.  However, the Judicial Conference Policy Notes on

5    the Schedule also state that courts "should not exempt . . . members of the media" from payment.

6           On April 10, 2012, the Court set an Order to Show Cause Hearing in regard to its March 21

7    Order, on the ground that it was not clear whether Gollan and Shifflett, as employees of The Bay

8    Citizen, were "members of the media," which–the Court explained–would mean that they should not

9    be exempted from payment of electronic public access fees, pursuant to Judicial Conference policy.

10   At the April 30 Order to Show Cause Hearing, counsel for Gollan and Shifflett explained that The

11   Bay Citizen had recently merged with another organization, and further explained that Gollan and

12   Shifflett are both reporters.  Further, counsel agreed that it would be appropriate for Gollan and

13   Shifflett to file a renewed application for an exemption from electronic public access fees, and that it

14   would also be appropriate for their exemption to be suspended pending the Court's consideration of

15   their renewed application.  Accordingly, the Court vacated its March 21 Order without prejudice to

16   Gollan and Shifflett to file a renewed application for an exemption.  On May 8, 2012, Gollan and

17   Shifflett filed the present Renewed Application for Exemption.

18          Upon review, the Court does not find good cause to grant Gollan and Shifflett an exemption

19   from payment of electronic public access fees.  As explained above, the Judicial Conference Policy

20   Notes to 28 U.S.C. § 1914 expressly state that courts should not grant such exemptions to "members

21   of the media."  As their Renewed Application makes clear, Gollan and Shifflett are reporters, which

22   makes them "members of the media."  (See Renewed Application at 1-6.)  Thus, the Court finds that

23   it would be inappropriate to grant Gollan and Shifflett an exemption from payment of electronic

24

25   _____

26   [3] In their Application which led to the Court's issuance of the March 21 Order, Gollan and
     Shifflett identified themselves as "reporters."  However, that Application focused on the status of

27   The Bay Citizen as a 501(c)(3) organization rather than on the status of Gollan and Shifflett as
     reporters.  The same emphasis was reflected in the Court's March 21 Order.

28                                                    2

United States District Court
For the Northern District of California

1  public access fees, pursuant to the Judicial Conference policy precluding the granting of such

2  exemptions to members of the media.

3        Gollan and Shifflett contend that, even though the Judicial Conference Policy Notes state

4  that courts should not grant an exemption to members of the media, that prohibition "should not

5  apply to members of the media who are part of section 501(c)(3) nonprofit organizations," insofar as

6  the Schedule authorizes exemptions for such nonprofit organizations.  (Renewed Application at 6.)

7  However, Gollan and Shifflett offer no authority in support of their interpretation of the Schedule

8  and the Judicial Conference Policy Notes associated with the Schedule.  In the absence of any such

9  authority, the Court declines to adopt Gollan and Shifflett's interpretation.

10        Accordingly, the Court DENIES the Renewed Application for Exemption.

11

12

13  Dated:  May 16, 2012

14                                              JAMES WARE
                                              United States District Chief Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    3

**United States District Court**
For the Northern District of California

013

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Judy Alexander jalexander@judyalexanderlaw.com
    Thomas R. Burke thomasburke@dwt.com

3

4   **Dated:  May 16, 2012**                          Richard W. Wieking, Clerk

5

6                                          By:____/s/ JW Chambers_____
                                                **William Noble**
7                                               **Courtroom Deputy**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

014

1    Judy Alexander #116515
     Law Office of Judy Alexander
2    2302 Bobcat Trail
     Soquel, CA 95073
3    (831) 462-1692

4    Thomas R. Burke #141930
     Davis Wright Tremaine LLP
5    505 Montgomery Street, Suite 800
     San Francisco, California  94111
6    Telephone: (415) 276-6552
     Telefax: (415) 276-4852
7
8    Attorneys for the Center for Investigative Reporting

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                                    )
13   IN RE APPLICATION FOR EXEMPTION  )   CASE NO.  12-80113 (JW) MISC.
     FROM ELECTRONIC PUBLIC ACCESS    )
14   FEES BY JENNIFER GOLLAN AND      )
     SHANE SHIFFLETT OF THE CENTER FOR)   RENEWED APPLICATION FOR
15   INVESTIGATIVE REPORTING, INC., A )   EXEMPTION FROM PACER FEES
     501(c)(3) NONPROFIT ORGANIZATION )
16                                    )
17                                    )
                                      )
18                                    )
                                      )
19   _____)

20          The Center for Investigative Reporting ("CIR") is an educational and charitable section

21   501(c)(3) nonprofit organization in California dedicated to public education and engagement

22   through investigative and enterprise reporting.  In accordance with the Electronic Public Access

23   Fee Schedule ("Fee Schedule") and the Judicial Conference Policy Notes ("Policy Notes") set

24   forth in Exhibit A attached to this application, CIR moves the Court to grant an exemption from

25   the fees imposed for public access to the PACER system in the Northern District of California.

26   The requested exemption is quite narrow.  It would only exempt CIR reporters Jennifer Gollan

27   ("Gollan") and Shane Shifflett ("Shifflett"), would be very limited in time (from May 2012 to

28

                                         1

September 2012), and would only apply to a single research project intended to promote public access to information, educate the public about the federal courts and the effectiveness of their conflicts of interest technology, and increase the public's understanding of the federal judiciary and its commitment to accountability.

## I.   FACTUAL BACKGROUND

On March 19, 2012 Gollan and Shifflett, then reporters for The Bay Citizen ("TBC"), a charitable and educational 501(c)(3) nonprofit organization in California, submitted an application for exemption from the fees imposed for public access to the PACER system, limited to their work on a specific project and also limited in time.  The Court granted their application on March 21, 2012.  On or before April 10, 2012, it came to the Court's attention that Gollan and Shifflett may be "members of the media" ineligible for a PACER fee exemption under the Policy Notes provision directing Courts not to exempt certain groups including "members of the media."  The Court scheduled a hearing for April 30, 2012 to address this issue.  Effective on the date of the hearing TBC merged with and into CIR, and Gollan and Shifflett became employees of CIR.  Thus, counsel for CIR and Gollan and Shifflett appeared at the hearing, where the Court and counsel agreed it would be appropriate for Gollan and Shifflett to file a renewed application for exemption and for the existing exemption to be suspended pending the Court's consideration of the renewed application.  On April 30 the Court issued an order to that effect.

## II.   GOOD CAUSE EXISTS FOR RE-INSTATING THE EXEMPTION

The Fee Schedule authorizes exemptions from payment of fees for access to the PACER database, upon a showing of cause, for the following groups:  "indigents, bankruptcy case trustees, researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations, court appointed pro bono attorneys, and pro bono ADR neutrals."  Because CIR has been classified by the IRS as a section 501(c)(3) not-for-profit organization since May 1978, it is part of a group eligible for exemption upon a showing of cause. The Fee Schedule

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

dictates that to show good cause for an exemption, the applicant must demonstrate "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." CIR can show good cause based on the following:

Gollan and Shifflett have been conducting, and intend to continue to conduct, original and comprehensive empirical research analyzing the effectiveness of the conflict-checking software and hardware used by the California federal courts to help federal judges identify situations requiring their recusal. The research study will cross reference court records available through PACER against separate data sets, such as judges' statements of economic interest. By harvesting dockets from PACER and analyzing their grammatical patterns, Gollan and Shifflett will design processes that classify documents and search them for context. This project requires access to PACER records in the Northern District of California.

This in-depth statistical study will entail accessing and reviewing hundreds of lengthy civil complaints and other PACER records at an anticipated cost of many thousands of dollars. The burden of the anticipated PACER fees expense is prohibitive for CIR, whose funding is both limited and wholly dependent on foundation grants and donations. Without an exemption from PACER fees, CIR will not be able to access the federal court records necessary to complete this study, depriving the public of important information about the workings of the federal courts and the recusal process.

Because Gollan and Shifflett will prepare reports based on their research and study, and CIR will widely distribute these reports throughout California, granting this exemption will promote public access to information, educate the public about the federal courts and their handling of conflicts of interest, and increase the public's understanding of the federal judiciary and its commitment to accountability. This could lead to increased public trust in the legal system by providing greater transparency into the recusal process arising from financial conflicts of interest.

3

III.     **REPORTERS FOR THE CENTER FOR INVESTIGATIVE REPORTING, INTO WHICH THE BAY CITIZEN HAS MERGED, ARE NOT PRECLUDED FROM OBTAINING A PACER FEE EXEMPTION**

A.     CIR WAS FORMED AND OPERATES FOR EDUCATIONAL PURPOSES

CIR was granted section 501(c)(3) tax exempt status in 1978, because it was organized and has always been operated for educational and charitable purposes.[1]  CIR achieves those purposes primarily, but not exclusively, through the vehicle of journalism.  CIR's Articles of Incorporation explain its raison d'etre:

> "The specific and primary purposes of this corporation are to engage in charitable and educational activities . . . including but not limited to the following activities:
> 1) To conduct research on important contemporary social, political, and economic issues and to use on-line and traditional media forms to disseminate results obtained through the production of news articles and other printed materials to further public knowledge and understanding of these important issues;
> 2) To educate the general public and promote free speech and democracy through the publication of high quality, non-partisan journalism . . .."

"On Shaky Ground," a recent series produced by CIR, illustrates the breadth of CIR's educational activities.  In 2009 a CIR reporter was given a simple assignment to write about seismic safety at California schools keyed to the 20th anniversary of the Loma Prieta earthquake.  However, reporter Corey Johnson discovered a staggering regulatory failure—thousands of school buildings being occupied even though they did not meet seismic safety standards.  Bad inspectors missed major defects or falsified reports, while being rewarded with more work.  And the state made it practically impossible for schools to get access to available seismic repair money.  The original "simple assignment" turned into a nineteen month investigation.  CIR distributed in early April 2011 the original three-part "On Shaky Ground" series to every major media market in the state, from California's largest daily newspapers to television, radio, and the

---

[1] TBC also was granted section 501(c)(3) tax exempt status, because it was organized and operated for educational and charitable purposes.

4

web.  The stories were translated into Spanish, Korean, Chinese and Vietnamese and distributed by the ethnic media.  Based on circulation numbers and TV and radio audience size, "On Shaky Ground" reached more than 7 million people over the course of three days.  Key follow-up stories were distributed throughout the remainder of 2011.

However, CIR did not stop there.  It went to great lengths to engage the public and raise awareness about the importance of earthquake preparedness.  For young school children, CIR created and produced an earthquake safety coloring book in five languages and distributed more than 36,000 copies at no charge to schools.  For parents, it compiled an interactive database featuring every public K-12 school in the state, allowing parents to see if their child attends a school near faults or with seismically unsafe buildings.  CIR assembled safety packets with whistles and ID cards and handed them out at community events throughout the state.  It also built an iPhone app enabling users to pinpoint quake faults near them.  The app also includes earthquake preparation checklists and a flashlight.

The positive impact of "On Shaky Ground" has been enormous:

- Shortly after the initial stories were distributed, legislators voted to audit the office that oversees public school construction in California.
- Regulators vowed to adopt every safety recommendation in the audit report.
- New state standards were created making it possible for schools with known seismic hazards to tap into a $200 million repair fund.
- A series of policy changes ensured more safety oversight of school project and created more accountability measures for safety inspectors.
- Some school officials took matters into their own hands.  Superintendents shut down buildings after learning about potential dangers as a result of the series.

CIR's comprehensive educational efforts are what support its status as a section 501(c)(3) nonprofit organization.

B.     THE FEE SCHEDULE AND POLICY NOTES DO NOT PROHIBIT
       GRANTING THE REQUESTED EXEMPTION

As noted above, the Fee Schedule authorizes exemptions from payment of fees for access to the PACER database, upon a showing of cause, for the following groups: "indigents, bankruptcy case trustees, researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations, court appointed pro bono attorneys, and pro bono ADR neutrals." On the other hand the Policy Notes direct courts not to exempt "government agencies, members of the media, attorneys or others *not members of one of the groups listed"* in the Fee Schedule exemption provisions ("Exemption Provisions") (emphasis supplied). When parsed carefully, it is clear that those not to be exempted under the Policy Notes are only those who are not a member of any of the groups listed in the Exemption Provisions.

For example, the Policy Notes direct courts not to exempt attorneys, but clearly this does not apply to all attorneys because the Exemption Provisions explicitly authorize exemptions for court appointed pro bono attorneys. It follows that while the Policy Notes state that exemptions should not be granted to members of the media, this prohibition should not apply to members of the media who are part of section 501(c)(3) nonprofit organizations.

IV.    CIR AND ITS REPORTERS ACKNOWLEDGE AND AGREE TO THE
       REQUIRED LIMITATIONS

CIR and its reporters understand and agree that the fee exemption (i) will apply only apply to Gollan and Shifflett, (ii) will be valid only for the research study described above, and (iii) will apply only to the electronic case files of this court that are available through PACER. While the research study may yield published reports, CIR and its reporters agree not to use the raw data obtained through the fee exemption for commercial purposes or Internet redistribution, and not to transfer any of the data unless authorized by the Court.

1

**V.     CONCLUSION**

2

     For all the reasons stated above, CIR respectfully asks the Court to grant the requested

3

exemption.

4

Dated:  May 8, 2012.

5

                                       Respectfully submitted,

6

                                       LAW OFFICE OF JUDY ALEXANDER

7

                                       JUDY ALEXANDER #116515
                                       2302 Bobcat Trail

8

                                       Soquel, CA 95073

9

10

                                   By _____

11

                                     Judy Alexander
                                     Attorney for the Center for Investigative

12

                                   Reporting

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

ELECTRONIC PUBLIC ACCESS FEE SCHEDULE

(Eff. 4/1/2012)

## ELECTRONIC PUBLIC ACCESS FEE SCHEDULE
### (Issued in accordance with 28 U.S.C. § 1913, 1914, 1926, 1930, 1932)

As directed by Congress, the Judicial Conference has determined that the following fees are necessary to reimburse expenses incurred by the judiciary in providing electronic public access to court records. These fees shall apply to the United States unless otherwise stated. No fees under this schedule shall be charged to federal agencies or programs which are funded from judiciary appropriations, including, but not limited to, agencies, organizations, and individuals providing services authorized by the Criminal Justice Act, 18 U.S.C. § 3006A, and bankruptcy administrator programs. Furthermore, the fee increase from eight cents per page to ten cents per page has been suspended for local, state, and federal government entities until 4/1/2015.

I.  For electronic access to court data via a federal judiciary Internet site: ten cents per page, with the total for any document, docket sheet, or case-specific report not to exceed the fee for thirty pages– provided however that transcripts of federal court proceedings shall not be subject to the thirty-page fee limit. For electronic access to an audio file of a court hearing via a federal judiciary Internet site: $2.40 per audio file. Attorneys of record and parties in a case (including pro se litigants) receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. No fee is owed under this provision until an account holder accrues charges of more than $15 in a quarterly billing cycle. Consistent with Judicial Conference policy, courts may, upon a showing of cause, exempt indigents, bankruptcy case trustees, individual researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations, court appointed pro bono attorneys, and pro bono ADR neutrals from payment of these fees. Courts must find that parties from the classes of persons or entities listed above seeking exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. For individual researchers, courts must also find that the defined research project is intended for academic research, and not for commercial purposes or internet redistribution. Any user granted an exemption agrees not to sell for profit the data obtained as a result. Any transfer of data obtained as the result of a fee exemption is prohibited unless expressly authorized by the court. Exemptions may be granted for a definite period of time and may be revoked at the discretion of the court granting the exemption.

II. For printing copies of any record or document accessed electronically at a public terminal in the courthouse: ten cents per page. This fee shall apply to services rendered on behalf of the United States if the record requested is remotely available through electronic access.

III. For every search of court records conducted by the PACER Service Center, $26 per name or item searched.

IV. For the PACER Service Center to reproduce on paper any record pertaining to a PACER account, if this information is remotely available through electronic access, 50 cents per page.

V.  For a check paid to the PACER Service Center which is returned for lack of funds, $45.

## JUDICIAL CONFERENCE POLICY NOTES

Courts should not exempt local, state or federal government agencies, members of the media, attorneys or others not members of one of the groups listed above. Exemptions should be granted as the exception, not the rule. A court may not use this exemption language to exempt all users. An exemption applies only to access related to the case or purpose for which it was given. The prohibition on transfer of information received without fee is not intended to bar a quote or reference to information received as a result of a fee exemption in a scholarly or other similar work.

The electronic public access fee applies to electronic court data viewed remotely from the public records of individual cases in the court, including filed documents and the docket sheet. Audio files of court hearings do not include naturalization ceremonies or appellate oral arguments. Electronic court data may be viewed free at public terminals at the courthouse and courts may provide other local court information at no cost. Examples of information that can be provided at no cost include: local rules, court forms, news items, court calendars, opinions, and other information – such as court hours, court location, telephone listings – determined locally to benefit the public and the court.

(Eff. 4/1/2012)

—

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10   In re Application for Exemption from           **ORDER REVOKING EXEMPTION FROM**
     Electronic Public Access Fees by Jennifer      **ELECTRONIC PUBLIC ACCESS FEES**
11   Gollan and Shane Shifflett

12   _____/

13
           On April 30, 2012, the Court held a hearing regarding an exemption from electronic public
14
     access fees that the Court granted on March 21, 2012 to Jennifer Gollan ("Gollan") and Shane
15
     Shifflett ("Shifflett"), employees of The Bay Citizen. As the Court explained in its order setting the
16
     April 30 hearing, title 28 U.S.C. § 1914–which sets forth the Electronic Public Access Fee Schedule
17
     (the "Schedule") promulgated by the Judicial Conference–provides that "courts may, upon a showing
18
     of cause, exempt . . . section 501(c)(3) not-for-profit organizations" from payment of electronic
19
     public access fees. However, as the Court also explained in that order, the Judicial Conference
20
     Policy Notes on the Schedule state that courts "should not exempt . . . members of the media" from
21
     payment. Accordingly, the Court set the April 30 hearing to address the question of whether Gollan
22
     and Shifflett are "members of the media," which would mean that they should not be exempted from
23
     payment of electronic public access fees, pursuant to Judicial Conference policy.
24
           At the April 30 hearing, counsel for Gollan and Shifflett explained that The Bay Citizen has
25
     recently merged with another organization, and further explained that Gollan and Shifflett are both
26
     reporters. Moreover, counsel agreed that it would be appropriate for Gollan and Shifflett to file a
27
     renewed application for an exemption from electronic public access fees, and that it would also be
28

United States District Court
For the Northern District of California

1  appropriate for their current exemption to be suspended pending the Court's consideration of their

2  renewed application.[1]

3          Accordingly, the Court VACATES its March 21, 2012 Order Granting Exemption from

4  Electronic Public Access Fees, without prejudice to Gollan and Shifflett to file a renewed application

5  for such an exemption.

6          The Clerk shall send a copy of this Order to the PACER Service Center.

7

8

9  Dated:  April 30, 2012

10                                                          JAMES WARE
                                                            United States District Chief Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

    [1]  See also 28 U.S.C. § 1914 (explaining that exemptions "may be revoked at the discretion of
27  the court granting the exemption").

28                                              2

United States District Court
For the Northern District of California

024

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jennifer Gollan
The Bay Citizen
126 Post St.
Suite 500
San Francisco, CA 94108

Shane Shifflett
The Bay Citizen
126 Post St.
Suite 500
San Francisco, CA 94108

Dated:  April 30, 2012                    Richard W. Wieking, Clerk

By:_____/s/ JW Chambers_____
      Theresa De Martini
      Courtroom Deputy

United States District Court
For the Northern District of California

025

PAGES 1 - 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JAMES WARE

IN RE:  APPLICATION FOR EXEMPTION  )
FROM ELECTRONIC PUBLIC ACCESS FEES )
BY JENNIFER GOLLAN AND SHANE        )
SHIFFLETT,                          )
                                    )  NO. 12-MC-80118 JW
                                    )
                                    )  SAN FRANCISCO, CALIFORNIA
                                    )  MONDAY, APRIL 30, 2012
_____)


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

FOR APPLICANTS            JUDY ALEXANDER, ESQUIRE
                          2302 BOBCAT TRAIL
                          SOQUEL, CALIFORNIA  95073


*REPORTED BY:  JOAN MARIE COLUMBINI, CSR 5435, RPR*
*              OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*

2

1   <u>PROCEEDINGS; MONDAY, APRIL 30, 2012</u>

2

3       **THE CLERK:**  CALLING IN RE: APPLICATION FOR EXEMPTION

4   FROM ELECTRONIC PUBLIC ACCESS FEES BY GOLLAN AND SHIFFLETT.

5       COUNSEL, PLEASE STEP FORWARD AND MAKE YOUR

6   APPEARANCE.

7       **MS. ALEXANDER:**  GOOD MORNING, YOUR HONOR.  JUDY

8   ALEXANDER ON BEHALF OF THE BAY CITIZEN AND THE CENTER FOR

9   INVESTIGATIVE REPORTING.  AND THE REASON THE CENTER FOR

10  INVESTIGATIVE REPORTING IS INVOLVED IN THIS IS AS OF TODAY THE

11  BAY CITIZEN HAS MERGED INTO AND BECOME A PART OF THE CENTER FOR

12  INVESTIGATIVE REPORTING.

13      **THE COURT:**  THANK YOU FOR THAT, AND THANK YOU FOR

14  BEING HERE.

15      THIS COMES AS A PROCEEDING THAT THE COURT SET UP AND

16  INVITED, ACTUALLY, YOUR CLIENT, AND I GUESS YOUR NEW CLIENT AS

17  WELL, TO APPEAR TO DISCUSS AN ADMINISTRATIVE MATTER HAVING TO

18  DO WITH THE REQUEST PREVIOUSLY GRANTED BY THE COURT TO EXEMPT

19  FROM THE PACER REQUIREMENT, THE FEE REQUIREMENT, ACCESS TO

20  VARIOUS DOCUMENTS, AND THE NOTICE ITSELF, WHICH I'M PRESUMING

21  YOU'VE HAD AN OPPORTUNITY TO READ --

22      **MS. ALEXANDER:**  YES, YOUR HONOR.

23      **THE COURT:**  -- SETS OUT FOR THE PURPOSES OF THESE

24  PROCEEDINGS THE REASON THE COURT CALLED THIS MATTER, AND I

25  GUESS THE OPPORTUNITY IS BEING PRESENTED TO YOUR CLIENT TO

3

1   ADDRESS WHETHER OR NOT, NOTWITHSTANDING ITS 501(C)(3) STATUS --

2   AND I PRESUME IT MAINTAINS THAT STATUS --

3           MS. ALEXANDER:  THE CENTER FOR INVESTIGATIVE

4   REPORTING HAS BEEN A 501(C)(3) FOR 35 YEARS.

5           THE COURT:  SO THEN THE QUESTION BECOMES WHETHER OR

6   NOT THE EXEMPTIONS SHOULD BE WITHDRAWN FOR REASONS NOT HAVING

7   TO DO WITH THE 501(C)(3) STATUS, BUT ITS STATUS AS MEDIA,

8   MEMBERS OF THE MEDIA.

9           MS. ALEXANDER:  RIGHT.  I GUESS I WOULD START WITH MY

10  CLIENT BEING PERPLEXED BY WHAT HAPPENED BETWEEN MARCH 21ST,

11  WHEN THE EXEMPTION WAS GRANTED, AND APRIL 10TH, WHEN YOU

12  NOTICED THIS HEARING, BECAUSE IN THEIR APPLICATION MY CLIENTS

13  CLEARLY SET FORTH THAT THEY WERE REPORTERS; THAT THEY WERE

14  DOING RESEARCH ON THE EFFECTIVENESS OF THE CONFLICT OF INTEREST

15  SOFTWARE AND HARDWARE USED BY THE COURT TO DETERMINE WHEN

16  JUDGES SHOULD RECUSE THEMSELVES; AND THAT THEY INTENDED TO

17  REPORT ON WHAT THEY FOUND IN THE BAY CITIZEN, WHICH IS A

18  WEBSITE THAT EDUCATES THE PUBLIC AND ENCOURAGES PUBLIC

19  ENGAGEMENT IN THESE KINDS OF ISSUES.  SO, THERE'S SOME

20  CONFUSION THERE ABOUT WHY THAT WASN'T AN ISSUE ON MARCH 21ST

21  AND IT BECAME AN ISSUE ON APRIL 10TH.

22          THE COURT:  I CAN CLARIFY SOME OF THAT PERHAPS, AND

23  THAT IS MY ATTENTION WAS NOT DRAWN IN THE APPLICATION TO THE

24  CLASSIFICATION OF BEING THE MEDIA.  AND ONCE MY ATTENTION WAS

25  DRAWN TO -- THAT THE EXEMPTION -- IT'S A POLICY KIND OF AN

4

1    EXEMPTION THAT IS ESTABLISHED BY THE ADMINISTRATIVE OFFICE OF

2    THE COURT, IS THAT PACER EXEMPTIONS NOT BE GRANTED TO THE

3    MEDIA, BECAUSE YOU CAN UNDERSTAND, QUITE FRANKLY, THERE ARE

4    LOTS OF MEDIA THAT WOULD WISH TO COVER THE COURT IN VARIOUS

5    WAYS.  SO AS NOT TO DISCRIMINATE AMONG THEM, 501(C)(3) OR

6    OTHERWISE, THE GUIDANCE THAT WE WERE GIVEN WAS TO NOT EXEMPT

7    THE MEDIA AS A CLASS.

8            NOW, IT COULD BE THAT THERE ARE MEDIA THAT WOULD

9    QUALIFY FOR AN EXEMPTION NOTWITHSTANDING THAT POLICY DECISION,

10   BUT, QUITE FRANKLY, THE STATUS OF BAY CITIZEN AS MEDIA WAS NOT

11   AS CLEAR TO ME AS IT WAS THEN, BUT IT SOUNDS LIKE -- AND THE

12   USE OF THE WORD, "REPORTER," WAS THERE.  I, QUITE FRANKLY, WAS

13   FOCUSED MORE ON THE 501(C)(3) STATUS FOR WHICH EXEMPTION IS

14   APPLIED AS OPPOSED TO THE TITLE OF THE REPORTER.

15           **MS. ALEXANDER:**  WE WOULD CONTEND THAT THAT FOCUS ON

16   THE 501(C)(3) STATUS IS ABSOLUTELY APPROPRIATE, AND THAT'S WHY

17   IT WOULD BE INCONGRUOUS TO SAY THAT THE REPORTERS FOR THE BAY

18   CITIZEN WERE NOT AMONG THE GROUP OF PEOPLE THAT ARE ELIGIBLE

19   FOR EXEMPTION ON A SHOWING OF CAUSE.

20           UNDER THE INTERNAL REVENUE CODE, 501(C)(3) STATUS IS

21   NOT OR CANNOT BE AWARDED TO ORGANIZATIONS WHICH ARE MEDIA

22   ORGANIZATIONS.  THAT'S NOT ONE OF THE QUALIFYING PURPOSES FOR

23   OBTAINING A 501(C)(3) EXEMPTION.

24           501(C)(3) EXEMPTIONS GO TO RELIGIOUS, CHARITABLE,

25   EDUCATIONAL, THERE'S A WHOLE SLEW OF THEM, BUT YOU WON'T FIND

5

1  MEDIA OR JOURNALISM IN THIS LIST OF QUALIFYING PURPOSES.

2          BOTH THE BAY CITIZEN AND THE CENTER FOR INVESTIGATIVE

3  REPORTING ARE QUALIFIED AS 501(C)(3) ORGANIZATIONS BECAUSE THEY

4  ARE EDUCATIONAL AND BECAUSE ONE OF THEIR PRIMARY PURPOSES, IN

5  FACT, THEIR PRIMARY PURPOSES, ARE TO EDUCATE AND ENGAGE PUBLIC

6  IN ISSUES WHICH ARE OF IMPORTANCE TO THE PUBLIC.

7          SO THAT WOULD BE MY FIRST --

8          **THE COURT:** AND I APPRECIATE THAT. IN OTHER WORDS,

9  THERE MIGHT BE A CONFLICT WITHIN OUR OWN POLICY BETWEEN

10 EXEMPTIONS GRANTED TO 501(C)(3)S. I KNOW IT'S NOT ALL

11 501(C)(3)S THAT ARE ELIGIBLE FOR THE EXEMPTION. IT HAS TO DO

12 WITH THEIR ECONOMIC CIRCUMSTANCES.

13         ASSUMING YOUR CLIENT WOULD MEET THE ECONOMIC

14 CIRCUMSTANCES AS 501(C)(3), THEN THE QUESTION BECOMES WHETHER

15 OR NOT IT IS APPROPRIATE TO WITHDRAW THE EXEMPTION IF THE

16 501(C)(3) IDENTIFIES ITSELF AS MEDIA, BECAUSE THEN I HAVE TO

17 FOCUS ON THE OTHER PART OF THE STATEMENT.

18         I'M NOT SURE I ACCEPT, WITHOUT LOOKING MYSELF TO YOUR

19 EARLIER STATEMENT WHICH I THINK IS INTERESTING -- IN OTHER

20 WORDS, IF YOU ARE A NONPROFIT MEDIA, THAT YOU COULD NOT BE

21 501(C)(3).

22         **MS. ALEXANDER:** I CAN READ TO YOU WHAT 501(C)(3) SAYS

23 IN TERMS OF THE TYPES OF ORGANIZATIONS THAT ARE ELIGIBLE FOR

24 THE 501(C)(3) EXEMPTION.

25         **THE COURT:** I CAN LOOK MYSELF AT THAT. IT JUST SEEMS

6

1  TO ME -- DO YOU HAVE A STATEMENT THAT PROVIDES YOU MAY NOT

2  ATTAIN 501(C)(3) STATUS IF YOU ARE MEDIA?

3      **MS. ALEXANDER:**  NO.  THE STATUTE SAYS TO BE ENTITLED

4  TO A 501(C)(3) TAX EXEMPTION, AN ENTITY MUST BE ORGANIZED AND

5  OPERATED FOR ONE OF THE FOLLOWING PURPOSES:  RELIGIOUS,

6  CHARITABLE, SCIENTIFIC, TESTING FOR PUBLIC SAFETY, LITERARY,

7  EDUCATIONAL, TO FOSTER NATIONAL OR INTERNATIONAL SPORTS

8  COMPETITION, OR TO PREVENT CRUELTY TO ANIMALS OR CHILDREN.

9      AND THOSE CATEGORIES, I CONTEND, DON'T CONTAIN

10 ANYTHING RELATED TO MEDIA, ALTHOUGH IT IS POSSIBLE TO BE A

11 MEDIA ORGANIZATION THAT'S PRIMARY PURPOSE IS EDUCATIONAL, AND

12 THAT'S WHERE I'M TRYING TO DRAW THE DISTINCTION.

13     I'D ALSO LIKE TO LOOK A LITTLE BIT AT THE DIFFERENCE

14 BETWEEN WHAT'S SET FORTH IN THE FEE SCHEDULE FOR PACER AND

15 WHAT'S SET FORTH IN THE JUDICIAL CONFERENCE POLICY NOTES THAT

16 FOLLOW IT.

17     IT SEEMS, I CONTEND -- AND BELIEVE ME, I LOOKED TO

18 SEE IF THERE WERE ANY INTERPRETIVE MATERIALS OR ANYTHING ON

19 POINT TO HELP US DETERMINE WHAT THE JUDICIAL CONFERENCE SAID

20 AND WAS UNABLE TO IDENTIFY ANYTHING.

21     BUT IN THE FEE SCHEDULE IT SAYS THESE GROUPS:

22 INDIGENTS, NONPROFIT COUNSEL APPOINTED BY THE COURT, 501(C)(3)

23 ORGANIZATIONS ARE ELIGIBLE FOR AN EXEMPTION IN THE EVENT THAT

24 THEY CAN SHOW CAUSE, AND IT DEFINES WHAT "SHOWING CAUSE" MEAN.

25     IN THE POLICY NOTES IT STARTS BY LISTING ANOTHER

7

1 GROUP OF PEOPLE WHO SHOULD NOT BE GRANTED EXEMPTIONS, AND IT

2 STATES IT IN A WAY THAT IMPLIES THAT THOSE ARE TWO MUTUALLY

3 EXCLUSIVE GROUPS.  IT SAYS CAN'T BE GRANTED AN EXEMPTION IF YOU

4 ARE NOT -- TO ANYONE WHO IS NOT PART OF ONE OF THE GROUPS

5 LISTED ABOVE.  IT ENUMERATES SOME OF THOSE PEOPLE.  AND THEN IT

6 SAYS OTHERS, AND OTHERS WHO ARE NOT PART OF THE GROUPS LISTED

7 ABOVE.

8        WELL, IT'S CLEAR THE REPORTERS FOR THE BAY CITIZEN

9 ARE PART OF A GROUP THAT'S LISTED ABOVE, SO I'M NOT SURE THERE

10 ISN'T SOME KIND OF CONFLICT THERE IF YOU CAN DENY AN EXEMPTION

11 TO SOMEBODY WHO IS A REPORTER BUT IS A REPORTER FOR AN

12 ORGANIZATION WHOSE PRIMARY PURPOSE IS EDUCATIONAL.

13        **THE COURT:**  WELL, THAT POSES PERHAPS A DILEMMA FOR

14 THE COURT IN FOLLOWING THE POLICY, BECAUSE I'M DIRECTED THAT

15 THE EXEMPTION SHOULD NOT BE GRANTED TO MEDIA ORDINARILY.  SO

16 EVEN IF I WERE TO RECONSIDER THIS WITH THE APPLICATION BEING

17 PRESENTED TO ME AS MEDIA, 501(C)(3) MEDIA, WHICH IS WHAT I

18 INTEND TO DO -- IN OTHER WORDS, MY INTENT AT THIS POINT IS TO

19 CONSIDER THAT BAY CITIZEN AS IT'S REORGANIZED, AND EVEN BEFORE,

20 ARE MEMBERS OF THE MEDIA, THE TWO REPORTERS WHO ASKED FOR THE

21 EXEMPTION, AND TO CONSIDER WHETHER OR NOT TO GRANT THE

22 EXEMPTION UNDER THE POLICY STATEMENT.

23        IF THERE IS MORE THAT YOUR CLIENT WOULD WISH TO

24 SUBMIT TO JUSTIFY THE EXEMPTION WITH THAT CLASSIFICATION

25 EXPRESSLY STATED, THE COURT WOULD BE PLEASED TO CONSIDER IT.

8

1          **MS. ALEXANDER:** I WOULD THINK WE WOULD BE INTERESTED

2    IN DOING THAT, AND WE WOULD HAVE DONE IT BEFORE THIS POINT,

3    YOUR HONOR, BUT FOR THE FACT THAT ALL OF THE STAFF OF BOTH

4    ORGANIZATIONS AND ALL OF THEIR LAWYERS HAVE BEEN WORKING 16 TO

5    18 HOURS A DAY TO COMPLETE THE WORK TO HAVE THE MERGER BE

6    CLOSED TODAY.

7          **THE COURT:** I UNDERSTAND THAT.

8          THIS IS A MATTER OF SOME CONCERN TO THE COURT BECAUSE

9    I'M ADVISED THAT, ALTHOUGH THE AMOUNT OF INFORMATION THAT IS

10   BEING DRAWN DOWN UNDER THE EXEMPTION, TO MY UNDERSTANDING, HAS

11   NOT POSED ANY TECHNICAL INTERFERENCE, I WAS ADVISED INFORMALLY

12   THAT THE ORGANIZATION IS -- AS IT SHOULD -- TAKING ADVANTAGE OF

13   THE EXEMPTION AND DOING IT IN A FASHION THAT MAKES A NUMBER OF

14   DOCUMENTS AVAILABLE TO IT THAT OTHERWISE WOULD HAVE TO PAY THE

15   REGULAR FEE.

16          MY INTENT WAS TO GIVE THIS MY EARLY ATTENTION SO AS

17   TO BE FAIR TO ALL MEDIA IF I'M GOING TO TREAT THIS ORGANIZATION

18   IN ONE FASHION DIFFERENT FROM THE OTHERS. I ANTICIPATE IT

19   WON'T BE LONG BEFORE I RECEIVE OTHER EXEMPTION REQUESTS OF THIS

20   KIND, SO I WANTED TO GIVE IT THE COURT'S QUICK ATTENTION.

21          THIS IS MONDAY. IF YOU WANT TO SUBMIT ANYTHING

22   FURTHER, HOW MUCH TIME WOULD YOU REQUEST THE COURT FOR THAT

23   PURPOSE?

24          **MS. ALEXANDER:** IT WOULD HELP IF I HAD AT LEAST A

25   WEEKEND TO WORK ON IT. SO SOMETIME NEXT WEEK?

*JOAN MARIE COLUMBINI, CSR, RPR*
*OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*
*415-255-6842*

9

```
1        THE COURT:  LET ME SEE IF I CAN FASHION AN ORDER THAT

2   MIGHT CREATE A HIATUS DURING THE PERIOD OF TIME TO HAVE THIS

3   RECONSIDERED WITH THE NEW DEFINITION AND GIVE YOU A NEW RULING,

4   UNLESS SOME CAUSE CAN BE SHOWN WHY THE COURT SHOULD NOT SUSPEND

5   IT PENDING RECONSIDERATION UNDER THE LIGHT OF THE NEW STATUS.

6        MS. ALEXANDER:  I THINK FOR THAT SHORT PERIOD OF TIME

7   SUSPENSION WOULD NOT BE A HARDSHIP.

8        I WOULD NOTE THAT I THINK THE RESEARCH THAT MY

9   CLIENTS ARE DOING IS VERY IMPORTANT RESEARCH.  THERE IS A DERTH

10  OF REPORTING ON THE COURTS AND THE JUDICIAL SYSTEM, AND THE

11  PUBLIC'S FAITH IN OUR JUDICIARY DEPENDS ON TRANSPARENCY AND ON

12  KNOWING HOW THE COURT SYSTEM WORKS.  SO I THINK WHAT THEY ARE

13  DOING IS VERY LAUDATORY IN TERMS OF THE KIND OF REPORTING

14  THEY'RE DOING.

15       AND I ALSO WOULD NOTE IT WOULD BE TOTALLY COST

16  PROHIBITIVE FOR A NONPROFIT ORGANIZATION SUPPORTED ALMOST

17  ENTIRELY BY FOUNDATIONS AND INDIVIDUAL DONATIONS TO PAY THE

18  ACTUAL FEES.

19       THE COURT:  WELL, I CERTAINLY WOULD NOT WISH TO SAY

20  ANYTHING THAT WOULD NOT SOUND AGREEMENT WITH THE LAUDABLE

21  PURPOSE OF THE EXAMINATION OUR COURTS.  I, TOO, BELIEVE THAT

22  TRANSPARENCY IS AN IMPORTANT ASPECT OF INDEPENDENCE OF THE

23  JUDICIARY AS WELL AS THE INTEGRITY OF IT.

24       SO THANK YOU VERY MUCH FOR APPEARING.

25       MS. ALEXANDER:  SURE.
```

10

1          THE CLERK:   THIS COURT STANDS IN RECESS.

2          (PROCEEDINGS ADJOURNED.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER

    I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE

UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

CERTIFY THAT THE FOREGOING PROCEEDINGS IN 12-MC-80113JW, IN RE:

APPLICATION FOR EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES BY

JENNIFER GOLLAN AND SHANE SHIFFLETT, WERE REPORTED BY ME, A

CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED

UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A

FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY

ME AT THE TIME OF FILING.

    THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID

TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL

FROM THE COURT FILE.

—————————————————————————————————

/S/ JOAN MARIE COLUMBINI, CSR 5435, RPR

MONDAY, SEPTEMBER 17, 2012

*JOAN MARIE COLUMBINI, CSR, RPR*
*OFFICIAL COURT REPORTER, U.S. DISTRICT COURT*
*415-255-6842*

036

1
2
3
4
5
6
7            IN THE UNITED STATES DISTRICT COURT
8           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                  SAN FRANCISCO DIVISION
10  In re Application for Exemption from          **NOTICE OF HEARING REGARDING**
    Electronic Public Access Fees by Jennifer     **REVOCATION OF EXEMPTION FROM**
11  Gollan and Shane Shifflett                     **ELECTRONIC PUBLIC ACCESS FEES**
12
    _____/
13
        On March 21, 2012, the Court issued an Order Granting Exemption from Electronic Public
14
    Access Fees to Jennifer Gollan ("Gollan") and Shane Shifflett ("Shifflett"), employees of The Bay
15
    Citizen.  As the Court explained in that Order, the exemption was granted, *inter alia*, on the basis of
16
    Gollan and Shifflett's representation that The Bay Citizen is "a charitable and educational 501(c)(3)
17
    organization in California that is dedicated to informing and engaging the public with incisive
18
    research."  As the Order also explained, 28 U.S.C. § 1914–which sets forth the Electronic Public
19
    Access Fee Schedule (the "Schedule") promulgated by the Judicial Conference–provides that "courts
20
    may, upon a showing of cause, exempt . . . section 501(c)(3) not-for-profit organizations" from
21
    payment of electronic public access fees.  The Judicial Conference Policy states that courts "should
22
    not exempt . . . members of the media" from payment.
23
        It has come to the Court's attention that Gollan and Shifflett, as employees of The Bay
24
    Citizen, may be "members of the media."  Accordingly, on **April 30, 2012 at 9 a.m.**, in Courtroom
25
    9, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA, the Court will conduct a hearing to
26
    determine whether the exemption should be revoked.  Gollan and Shifflett are invited to appear at
27
    the hearing or to file an affidavit or declaration on or before **April 20, 2012**, showing cause, if any,
28

United States District Court
For the Northern District of California

1  why their exemption from payment of electronic public access fees should not be revoked on the

2  ground that they are members of the media.[1]

3

4

5  Dated: April 10, 2012

   JAMES WARE
6  United States District Chief Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
   _____
   [1]  See 28 U.S.C. § 1914 (explaining that exemptions "may be revoked at the discretion of the
27  court granting the exemption").

28                                                    2

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jennifer Gollan
The Bay Citizen
126 Post St.
Suite 500
San Francisco, CA 94108

Shane Shifflett
The Bay Citizen
126 Post St.
Suite 500
San Francisco, CA 94108

Dated:  April 10, 2012          Richard W. Wieking, Clerk


By:      /s/ JW Chambers
         Susan Imbriani
         Courtroom Deputy

United States District Court
For the Northern District of California

039

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 SAN FRANCISCO DIVISION

10 In re Application for Exemption from
Electronic Public Access Fees by Jennifer **ORDER GRANTING EXEMPTION FROM**
11 Gollan and Shane Shifflett **ELECTRONIC PUBLIC ACCESS FEES**

12 _____/

13      Presently before the Court is a request from Jennifer Gollan ("Gollan") and Shane Shifflett

14 ("Shifflett"), who are employees of The Bay Citizen,[1] for a temporary exemption from the fees

15 imposed by the Electronic Public Access Fee Schedule adopted by the Judicial Conference of the

16 United States Courts. Gollan and Shifflett request the temporary exemption so that they may

17 conduct "original and comprehensive empirical research by analyzing the effectiveness of the

18 court's conflict-checking software and hardware to help federal judges identify situations requiring

19 their recusal."

20      Title 28 U.S.C. § 1914 sets forth the Electronic Public Access Fee Schedule (the

21 "Schedule"), as promulgated by the Judicial Conference. The Schedule provides that "courts may,

22 upon a showing of cause, exempt . . . section 501(c)(3) not-for-profit organizations" from payment

23 of electronic public access fees. The Schedule states that courts "must find that parties . . . seeking

24 exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens

25 and to promote public access to information." Further, the Schedule provides that any user granted

26

27     [1] According to the Application, The Bay Citizen is "a charitable and educational 501(c)(3)
organization in California that is dedicated to informing and engaging the public with incisive
28 research."

United States District Court
For the Northern District of California

1    an exemption "agrees not to sell for profit the data obtained as a result," and states that exemptions

2    "may be granted for a definite period of time and may be revoked at the discretion of the court

3    granting the exemption."

4        Upon review, the Court finds that Gollan and Shifflett meet the criteria for an exemption to

5    the Electronic Public Access Fee Schedule. In particular, the Court finds that Gollan and Shifflett

6    have shown that an exemption to the Schedule is necessary in order to avoid unreasonable burdens,

7    insofar as they contend that their "statistical study will entail accessing and reviewing hundreds of

8    lengthy civil complaints and other PACER records at an anticipated cost of many thousands of

9    dollars," which is a "prohibitive" expense for The Bay Citizen, insofar as its funding is "both limited

10    and wholly dependent on donations." Further, the Court finds that Gollan and Shifflett have shown

11    that the exemption would promote public access to information, insofar as their research will result

12    in "reports" that they "will make available to the public on The Bay Citizen's website," and insofar

13    as their work will "increase the public's understanding of the federal judiciary and its commitment

14    to accountability." Finally, Gollan and Shifflett state that they "agree not to use the raw data

15    obtained through the fee exemption for commercial purposes or Internet redistribution," and

16    "acknowledge that the transfer of data obtained as a result of a fee exemption is prohibited unless

17    expressly authorized by the court."

18        Accordingly, the Court GRANTS the Application and ORDERS that Gollan and Shifflett

19    (the "Applicants") shall be exempt from the payment of fees for access via PACER to the electronic

20    case files maintained in the Northern District of California, to the extent such use is incurred in the

21    course of their empirical research study. By accepting this exemption, Applicants agree not to sell

22    for profit any data obtained as a result of receiving the exemption.

23        The exemption shall last until **September 28, 2012.** On or before **September 18, 2012,**

24    Gollan and Shifflett shall notify the Court as to their continuing need for the exemption, if any, and

25    will state how much further time is required for them to complete their study.

26

27

28                     2

The Clerk shall send a copy of this Order to the PACER Service Center.

Dated: March 21, 2012

JAMES WARE
United States District Chief Judge

**United States District Court**
For the Northern District of California

3

042

United States District Court
For the Northern District of California

1    THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

2    Jennifer Gollan
     The Bay Citizen
3    126 Post St.
     Suite 500
4    San Francisco, CA 94108

5

6    Dated: March 21, 2012                          Richard W. Wieking, Clerk

7                                            By:_____/s/ JW Chambers_____
                                                     Susan Imbriani
8                                                    Courtroom Deputy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

043

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102
(415) 522-2000
FAX (415) 522-2176

March 21, 2012

Jennifer Gollan
✓ Shane Shifflett
The Bay Citizen
126 Post Street, Suite 500
San Francisco, CA 94108

Re:   Order Granting Exemption From Electronic Public Access Fees

Dear Ms. Gollan and Mr. Shifflett:

I understand that you were granted an exemption of the PACER fee on March 21, 2012, by order of Chief Judge James Ware. Please be advised that the password for your PACER account should be changed every 90 days.

This also serves as a reminder that your exemption shall last until September 28, 2012. On or before September **18**, 2012, you shall notify the Court as to your continuing need for exemption, if any, and will state how much further time is required for you to complete your study.

If you should have any questions, please do not hesitate to contact the PACER Service Center at (210) 301-6404.

Thank you.

Sincerely,

Corazon A. Barnett
Administrative Assistant

044

OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK

450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102
(415) 522-2000
FAX (415) 522-2176

March 21, 2012

Jennifer Gollan
Shane Shifflett
The Bay Citizen
126 Post Street, Suite 500
San Francisco, CA 94108

    Re:   Order Granting Exemption From Electronic Public Access Fees

Dear Ms. Gollan and Mr. Shifflett:

    I understand that you were granted an exemption of the PACER fee on March 21, 2012, by order of Chief Judge James Ware. Please be advised that the password for your PACER account should be changed every 90 days.

    This also serves as a reminder that your exemption shall last until September 28, 2012. On or before September 18, 2012, you shall notify the Court as to your continuing need for exemption, if any, and will state how much further time is required for you to complete your study.

    If you should have any questions, please do not hesitate to contact the PACER Service Center at (210) 301-6404.

    Thank you.

                     Sincerely,

                     Corazon A. Barnett
                     Administrative Assistant

1
2
3
4
5          UNITED STATES DISTRICT COURT
6        NORTHERN DISTRICT OF CALIFORNIA
7
8                                              APPLICATION FOR EXEMPTION FROM
                                               PACER FEES
9    IN RE APPLICATION FOR AN
     EXEMPTION FROM ELECTRONIC
10   PUBLIC ACCESS FEES FOR JENNIFER
     GOLLAN AND SHANE SHIFFLETT OF
11   THE BAY CITIZEN, A 501(c)(3)
     ORGANIZATION
12
13
14
15
16
17   This motion is presented in accordance with the Judicial Conference of the United States'

18   policies for granting PACER exemptions from the Judicial Conference's Electronic Public Access

19   Fees as set forth at

20   http://www.uscourts.gov/FormsAndFees/Fees/ElectronicPublicAccessFeeSchedule.aspx

21   (effective Sept. 7, 2011). Jennifer Gollan and Shane Shifflett, employees of The Bay Citizen, a

22   charitable and educational 501(c)(3) organization in California that is dedicated to informing

23   and engaging the public with incisive research, moves the court to grant an exemption from the

24   electronic public access fees imposed for access to the Public Access to the Court Electronic

25   

26   Records (PACER) system for the Northern District of California. This exemption would be

27

28

limited to March through September 2012 and, may be revoked at any time at the discretion of the court.

Good cause for granting this motion includes the following:

1. The Bay Citizen is a 501(c)(3) organization and under the PACER fee access schedule policy may be exempted on a showing of good cause, i.e., that "an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."

2. Jennifer Gollan and Shane Shifflett of The Bay Citizen intend to conduct original and comprehensive empirical research by analyzing the effectiveness of the court's conflict-checking software and hardware to help federal judges identify situations requiring their recusal. We propose to cross reference court records available through PACER against separate data sets, such as judges' statements of economic interest. By harvesting dockets from PACER and analyzing their grammatical patterns, we intend to design processes that classify documents and search them for context. This project would involve accessing PACER records in the Northern District of California.

3. This in-depth statistical study will entail accessing and reviewing hundreds of lengthy civil complaints and other PACER records at an anticipated cost of many thousands of dollars.

4. The burden of the anticipated expense is prohibitive for The Bay Citizen, whose funding is both limited and wholly dependent on donations. This expense would undoubtedly seriously inhibit the nonprofit organization from employing federal court records in its empirical research. Without an exemption from PACER fees, the organization will not be able to access the federal court records necessary to prepare reports that will enhance the public's understanding of the federal judiciary and the recusal process.

5. Granting this exemption will promote public access to the information contained in federal court records through the reports we will make available to the public on The Bay Citizen's website. Our reporting will draw from our examination of federal court records and leverage original findings to increase the public's understanding of the federal judiciary and its commitment to accountability. Promoting the public's access to court records through our reports could increase the public's trust in the legal system by providing greater transparency into the recusal process arising from financial conflicts of interest.

6. We understand the fee exemption will apply only apply to Shane Shifflett and Jennifer Gollan, and will be valid only for the purposes articulated above. In addition, the exemption will apply only to the electronic case files of this court that are available through PACER. Our analysis of the PACER data may yield published reports in The Bay Citizen, but we agree not to use the raw data obtained through the fee exemption for commercial purposes or Internet redistribution. We acknowledge that the transfer of data obtained as a result of a fee exemption is prohibited unless expressly authorized by the court.

For the aforesaid reasons, which taken together constitute persuasive grounds for an exemption on behalf of Shane Shifflett and myself, I move the court to grant exemptions.

Respectfully submitted

Jennifer Gollan
Reporter
The Bay Citizen
126 Post St
Suite 500
San Francisco, CA 94108
415-821-8526 (office)

1    Dated: March 19, 2012

2

                                  /Jennifer Gollan

CAND-ECF

Page 1 of 2

APPEAL,CLOSED

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:12-mc-80113-JW

v. In re Application for Exemption form Electronic Public
Access Fees by Jennifer Gollan and Shane Shifflett
Assigned to: Hon. James Ware
Case in other court: 12-16373

Date Filed: 05/01/2012
Date Terminated: 05/31/2012

**In Re**

**In re Application for Exemption form**
**Electronic Public Access Fees by**
**Jennifer Gollan and Shane Shifflett**

represented by **Judy Alexander**
2302 Bobcat Trail
Soquel, CA 95073
831-462-1692
Email: jalexander@judyalexanderlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R. Burke**
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
415/276-6500
Fax: 415/276-6599
Email: thomasburke@dwt.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/22/2012 | 6 | USCA Case Number 12-16373 for 4 Notice of Appeal filed by In re Application for Exemption form Electronic Public Access Fees by Jennifer Gollan and Shane Shifflett. (ga, COURT STAFF) (Filed on 6/22/2012) (Entered: 06/22/2012) |
| 06/12/2012 | 5 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals by In re Application for Exemption form Electronic Public Access Fees by Jennifer Gollan and Shane Shifflett re 4 Notice of Appeal (ga, COURT STAFF) (Filed on 6/12/2012) (Entered: 06/12/2012) |
| 06/12/2012 | 4 | NOTICE OF APPEAL to the 9th CCA In re Application for Exemption form Electronic Public Access Fees by Jennifer Gollan and Shane Shifflett. Appeal of Order 3 (Appeal fee of $455 paid.Receipt #34611075149) (ga, COURT STAFF) (Filed on 6/12/2012) (Entered: 06/12/2012) |
| 05/16/2012 | 3 | ORDER denying application. Signed by Judge James Ware on May 16, 2012. (jwlc2, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/08/2012 | 2 | NOTICE by In re Application for Exemption form Electronic Public Access Fees by |

CAND-ECF

| | | |
|---|---|---|
| | | Jennifer Gollan and Shane Shifflett re 1 Notice (Other) *RENEWED APPLICATION FOR EXEMPTION FROM PACER FEES* (Burke, Thomas) (Filed on 5/8/2012) (Entered: 05/08/2012) |
| 05/01/2012 | 1 | NOTICE OF HEARING RE: REVOCATION OF EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES by In re Application for Exemption form Electronic Public Access Fees by Jennifer Gollan and Shane Shifflett (ga, COURT STAFF) (Filed on 5/1/2012) (Entered: 05/01/2012) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/15/2012 10:41:23 | | | |
| PACER Login: | dw0330 | Client Code: | 52023-31 |
| Description: | Docket Report | Search Criteria: | 3:12-mc-80113-JW |
| Billable Pages: | 2 | Cost: | 0.20 |

9th Circuit Case Number(s) 12-16373

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____ .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)

*************************************************************************

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) October 22, 2012 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Judy Alexander
Law Offices of Judy Alexander
2302 Bobcat Trail
Soquel, CA 95073

Signature (use "s/" format) /s/ Ellen Duncan