No. 12-16373

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: APPLICATION FOR EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES BY JENNIFER GOLLAN AND SHANE SHIFFLETT,

JENNIFER GOLLAN; SHANE SHIFFLETT,

Applicants-Appellants.

On Appeal from the United States District Court
for the Northern District of California
D.C. No. 3:12-mc-80113-JW
(Honorable James Ware)

**APPLICANT-APPELLANTS JENNIFER GOLLAN
AND SHANE SHIFFLETT'S REPLY BREIEF**

THOMAS R. BURKE (SB# 141930)
 thomasburke@dwt.com
ROCHELLE L. WILCOX (SB# 197790)
 rochellewilcox@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:  (415) 276-6500
Facsimile:   (415) 276-6599

JUDY ALEXANDER (SB# 116515)
 jalexander@judyalexander.com
2302 Bobcat Trail
Soquel, CA 95073
Telephone:  (831) 462-1692

Attorneys for Applicants-Appellants
JENNIFER GOLLAN and SHANE SHIFFLETT

## TABLE OF CONTENTS

Page

1. INTRODUCTION ........................................................................................1

2. THE DISTRICT COURT MISINTERPRETED THE JUDICIAL CONFERENCE RULES ..........................................................................3

3. THIS COURT HAS JURISDICTION TO DECIDE WHETHER THE DISTRICT COURT PROPERLY INTERPRETED THE JUDICIAL CONFERENCE RULES ..........................................................................5

4. CONCLUSION........................................................................................12

# TABLE OF AUTHORITIES

Page

**CASES**

*Cohen v. Beneficial Indus. Loan Corp.*,
    337 U.S. 541 (1949) ................................................................................ 8

*D.C. Court of Appeals v. Feldman*,
    460 U.S. 462 (1983) .............................................................................. 10

*Ellis v. Dyson*,
    421 U.S. 426 (1975) ........................................................................ 11, 12

*In re Baker*,
    693 F.2d 925 (9th Cir. 1982) ............................................................... 5, 8

*In re Derickson*,
    640 F.2d 946 (9th Cir. 1981) ............................................................... 6, 8

*Roberts v. U.S. District Court*,
    339 U.S. 844 (1950) .............................................................................. 10

*Russell v. Hug*,
    275 F.3d 812 (9th Cir. 2002) ......................................................... 7, 9, 10

*Tripati v. First Nat'l Bank & Trust*,
    821 F.2d 1368 (9th Cir. 1987) .............................................................. 10

*U.S. v. Deluca*,
    912 F.2d 183 (7th Cir. 1990) .................................................................. 5

*U.S. v. Ray*,
    375 F.3d 980 (9th Cir. 2004) .................................................................. 8

*Valley Forge Christian College v. Americans United for Separation of
    Church & State*,
    454 U.S. 464 (1982) .............................................................................. 11

**STATUTES**

28 U.S.C. § 1291 ................................................................................... 5, 6, 7

# 1. INTRODUCTION

The Brief submitted by the Administrative Office of United States Courts (the "Judicial Conference Brief") makes clear that the Judicial Conference *agrees* with Appellants Jennifer Gollan and Shane Shifflett on the key issue presented in this appeal – whether the District Court had the authority to grant a PACER fee waiver to Appellants, notwithstanding the fact that they are members of the media.

As Appellants explain in their Opening Brief, the district court's Order withdrawing the fee waiver it initially had granted to Appellants threatens the ability of non-profit media groups like the Center for Investigative Reporting ("CIR") to investigate the federal judiciary and report on matters of profound public interest. Here, for example, Appellants hoped to conduct a comprehensive analysis of cases filed in California federal courts to evaluate the efficacy of the Court's conflict system. In initially granting the fee waiver, the district court recognized the importance of this investigation, stating that it would "increase the public's understanding of the federal judiciary and its commitment to accountability." E.R. 041.

Thus, the question in this appeal is not – as the Judicial Conference Brief contends (Brief at 25) – whether the district court properly exercised its jurisdiction when it initially granted a fee waiver to Appellants. Instead, the question is whether the district court erred when it withdrew that fee waiver based

on its belief that the Judicial Conference Policy Notes *categorically exclude* members of the media from benefiting from the fee waiver.  Appellants contend in this appeal that members of the media should be allowed a fee waiver if they satisfy the requirements for such waivers.  The Judicial Conference agrees, explaining that "the policy note identifies groups that *generally* represent larger-volume users who likely can afford to pay the fees," but it does not exclude the possibility that a member of one of those groups might nonetheless be entitled to a fee waiver.  Judicial Conference Brief at 24.  Based on this concession on the key issue presented in this appeal, Appellants urge the Court to reverse the district court's decision.

      The Court has jurisdiction to reach this issue.  The Judicial Conference Brief analyzes jurisdiction from the wrong perspective because it has misconstrued the issue on appeal.  As mentioned, this appeal does not challenge the district court's exercise of discretion – which initially was in Appellants' favor.  The cases that the Judicial Conference cites all involve such an exercise of discretion based on the facts of the particular case.  Those cases hold that where discretion has been committed to the court with no indication by the rule-making authority that the court's exercise of discretion is subject to review, no appellate review is available.

      However, a different line of cases – not discussed in the Judicial Conference Brief – make clear that review is available to challenge a district court's

interpretation of the applicable law. This makes sense because without such review, a district court's incorrect interpretation of the law might never be remedied. Here, the district court withdrew the fee waiver it previously had granted based exclusively on its interpretation of the controlling law – the Judicial Conference Policy Notes. Because Appellants challenge that legal interpretation, the Court has jurisdiction to resolve this question under well-established authority. And because the Judicial Conference agrees with Appellants on the merits, the Court should reverse the district court's decision and direct that court to reinstate the fee waiver it granted to Appellants.

## 2. THE DISTRICT COURT MISINTERPRETED THE JUDICIAL CONFERENCE RULES

The district court's order should be reversed because the Judicial Conference agrees with Appellants on the sole issue presented on this appeal:

> Did the district court err when it interpreted the Judicial Conference Policy Notes to the Electronic Public Access Fee Schedule as prohibiting courts from granting a temporary exemption from PACER fees to any journalists, even journalists performing their research on behalf of a 501(c)(3) non-profit who requested access for the sole purpose of research to educate the public on issues of profound public importance, with no profit motive?

Opening Brief at 1.

As Appellants explain in their Opening Brief, they do not challenge the district court's exercise of discretion in initially granting the fee waiver they requested. *Id.* at 1-2, 11-12. Instead, they challenge the district court's later

conclusion that the Judicial Conference Policy Notes precluded the court from granting a fee waiver to Appellants because they are members of the media. *Id.* The district court's withdrawal of the fee waiver was explicitly for that reason, and had nothing at all to do with Appellants' Application, or any perceived deficiencies in that Application. E.R. 012-013, 028-029. The district court withdrew the fee waiver *only* because it believed that the Policy Notes contain a categorical exclusion from members of the media obtaining a fee waiver. *Id.*

The Judicial Conference Brief, however, makes clear that the district court erred in that conclusion:

> Like the list of those potentially eligible, the notes identifying those generally ill-suited to an exemption is neither exclusive nor categorical. *Just as the fee schedule does not require exemptions to be granted for those in the first list, it does not prohibit such exemptions for those on the second*.

*Id.* at 24-25 (emphasis added). Thus, the Judicial Conference agrees that the district courts can grant fee waivers to members of the media. For this reason, the Court should reverse the district court's Order on the merits and remand to the district court to reinstate the fee waiver that it originally granted to Appellants.[1]

---

[1] The Judicial Conference Brief disputes whether Appellants met their burden of demonstrating their need for a fee waiver. Judicial Conference Brief at 25-26. However, that issue is not presented by this appeal, and the Court should not reach it here. Appellants submitted a detailed declaration, and the record makes clear that the district court exercised its discretion and concluded that Appellants met their burden to obtain a fee waiver. E.R. 040-045.

### 3. THIS COURT HAS JURISDICTION TO DECIDE WHETHER THE DISTRICT COURT PROPERLY INTERPRETED THE JUDICIAL CONFERENCE RULES

The Judicial Conference Brief focuses primarily on the Judicial Conference's belief that the Court does not have jurisdiction over this appeal. Judicial Conference Brief at 11-20.[2] The Judicial Conference claims that the district court acted in an "administrative, rather than a judicial capacity," and that as such its decision is not subject to review. *Id.* at 11-12.

But this argument apparently is driven by the Judicial Conference's misunderstanding of the issue on appeal. As discussed above, it has incorrectly construed the appeal as a challenge to the district court's exercise of discretion. Thus the Judicial Conference's cases primarily address a district court's exercise of discretion in resolving a particular request, such as a request for attorneys' fees under the Criminal Justice Act ("CJA"). Judicial Conference Brief at 14-18; *see, e.g.*, *In re Baker*, 693 F.2d 925 (9th Cir. 1982) (holding that Court did not have jurisdiction over appeal by attorney challenging attorneys' fees award under CJA because order was not a "decision" within the meaning of 28 U.S.C. § 1291); *U.S. v. Deluca*, 912 F.2d 183 (7th Cir. 1990) (the Court adopted reasoning of other Courts, which found no appellate jurisdiction for challenges to fee awards under

---

[2] The Judicial Conference is correct that Appellants intended to invoke 28 U.S.C. § 1291 as the basis of this Court's jurisdiction. Judicial Conference Brief at 3-4 n.1; *see* Opening Brief at 1. Appellants apologize for the oversight.

5

CJA, and held that it had no jurisdiction over an order refusing to retroactively appoint counsel – and award fees – in a CJA case).

In contrast to the cases cited in the Judicial Conference Brief, Appellants challenge the district court's *interpretation* of the Judicial Conference Policy Notes. Thus, a different rule applies here. This Court's decision in *In re Derickson*, 640 F.2d 946 (9th Cir. 1981), is directly on point. There, an attorney appointed under the CJA presented his fee voucher late and the district court refused to authorize any payment. *Id.* at 947. This Court explained that the district court "relied on an administrative guideline, promulgated by the Administrative Office of the United States Courts," requiring submission of fee vouchers within a certain time. *Id.* "In declining to authorize payment, the district court determined that counsel's failure to comply with the administrative guideline foreclosed the court, on jurisdictional grounds, from authorizing payment of the voucher." *Id.* In that circumstance – where the district court interpreted the Policy Notes as depriving the court of jurisdiction to act – this Court held that it had jurisdiction over the attorney's appeal under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. *Id.* at 947-948 (citation omitted). The Court explained that "the district court's order falls within that 'small class [of claims] which finally determine claims of right [too important to be denied review, and] separable from, and collateral to, rights asserted in the underlying action." *Id.* at 948 (citation omitted).

A more recent decision from this Court explains the distinction that controls here. In *Russell v. Hug*, 275 F.3d 812 (9th Cir. 2002), an unsuccessful applicant for a district court's indigent defense panel sued the district court, challenging the requirement in the court's CJA Plan that members of its indigent defense panel be members of the California State Bar. *Id.* at 815-816. Thus, there – as here – the only parties were the unsuccessful applicants and the district court. *Id.* at 816. This Court held that it had jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 (*id.*), and resolved the arguments raised on appeal challenging the CJA Plan as inconsistent with the U.S. Constitution and various statutes (*id.* at 816-820, 821-823).

However, the Court held that it had no "supervisory power" over the CJA Plan, and refused to reach the merits of a claim that the Plan did not "comport with principles of 'right and justice.'" *Id.* at 820-821. The Court explained that the CJA Plan was adopted by the district court under authority from the Judicial Council, and that the Ninth Circuit did not have authority under 28 U.S.C. § 1291 to exercise "supervisory authority of administrative actions of the district courts." *Id.* at 821 (citation omitted). The Court then distinguished its jurisdiction to review the district court's decisions regarding the legality of the Plan:

> Although in reviewing a judgment of the district court we may adjudicate, as we have today, the legality of a provision of the plan when it is challenged by one to whom it is applied, we may not

7

>exercise more general supervisory power over the terms and administration of the plan.

*Id.* at 821.

The Court once again reiterated this reasoning – and the distinction that must be drawn here – in *U.S. v. Ray*, 375 F.3d 980 (9th Cir. 2004). There, the Court reviewed a standing order issued by a district court directing the U.S. Attorney to file a report of sentence within 20 days of sentencing in each criminal case. *Id.* at 982. The Court began by evaluating the U.S. Attorney's argument that the Court had jurisdiction because the case was connected to a criminal case "in which the Standing Order's requirements were triggered, even though neither party has appealed with respect to the underlying judgment of conviction." *Id.* Relying on *Baker* and *Dickerson*, the Court held that it had jurisdiction, explaining that "[p]ost-judgment orders involving attorney fees under the [CJA] have been held to be 'final' within the meaning of [*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)]." *Id.* at 986 (citations omitted).

In a footnote, the Court cited *Baker, Derickson* and *Ray* to make clear that while the Court does not have appellate jurisdiction to review a challenge to a district court's exercise of discretion granted under controlling law (as in *Baker*), the Court does have jurisdiction to review a district court's conclusion that the relevant law precludes the district court from exercising its discretion at all (as in *Derickson*). *Id.* at 986 n.7 (citations omitted). Thus, the Court held that "[t]he

8

continuing controversy between the United States Attorney and the district court, in which the United States Attorney alleges an injury capable of redress by this court, satisfies the 'case or controversy' requirement of Article III." *Id.* at 988.

These holdings apply fully here. Appellants do not challenge the district court's exercise of its discretion in initially granting their fee waiver – because the court exercised its discretion in their favor. E.R. 040-045. Instead, they challenge the district court's decision to withdraw that fee waiver, based solely on its conclusion that the Judicial Conference Policy Notes categorically preclude members of the media from obtaining a fee waiver, *i.e.*, that the Policy Notes prohibit the court from exercising its discretion to grant the fee waiver that Appellants sought. E.R. 011-013, 028-029. Thus, Appellants challenge the "legality" of the court's application of the Judicial Conference Policy Notes, not the court's exercise of supervisorial authority in applying the Policy Notes to the Petition that Appellants presented. Appellants' challenge falls squarely within the line of cases making clear that this Court has jurisdiction over cases that challenge a district court's *construction* or *interpretation* of a rule or law committed to the district court to administer.

Moreover, although in many of these cases the Court exercised jurisdiction in connection with another court proceeding, its jurisdiction is not limited to such cases. As mentioned above, in *Russell v. Hug* this Court exercised appellate

9

jurisdiction over a dispute between unsuccessful applicants and the district court. 275 F.3d at 816. This and other cases make clear that the Court's jurisdiction extends to cases – like the one presented here – in which a petitioner asks the district court to exercise its discretion in petitioner's favor.[3]

In the seminal case of *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), respondents filed petitions in the D.C. Court of Appeals seeking waivers of the bar admission requirement that applicants have graduated from a law school approved by the American Bar Association. *Id.* at 463. The Court began by evaluating the "crucial question" of "whether the proceedings before the District of Columbia Court of Appeal were judicial in nature." *Id.* at 476 (footnote omitted). After discussing earlier decisions finding appellate jurisdiction in similar circumstances, the Court held that the proceedings were judicial in nature, "not legislative, ministerial, or administrative." *Id.* at 479. The court explained,

> [T]he proceedings before the District of Columbia Court of Appeals involved a "judicial inquiry" in which the court was called upon to investigate, declare, and enforce "liabilities as they [stood] on present or past facts and under laws supposed already to exist."

---

[3] For example, it is well established that an order denying *in forma pauperis* status is appealable, although often the only parties to the proceeding are the applicant and the district court. *E.g.*, *Roberts v. U.S. District Court*, 339 U.S. 844, 845 (1950) ("The denial by a District Judge of a motion to proceed *in forma pauperis* is an appealable order"); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

10

*Id.* (citation omitted). The Court concluded that the lower courts' adjudication of petitioners' claimed right to be admitted to the State Bar was "the essence of a judicial proceeding," *id.* at 481, explaining that "[t]he form of the proceeding is not significant. It is the nature and effect which is controlling." *Id.* at 482 (citation omitted).[4]

The same is true here. A "case or controversy" exists because Appellants claim a right that has been denied them. The district court misconstrued the Policy Notes – concluding that it was not allowed to exercise its discretion in their favor – and denied them that right. This is "the essence of a judicial proceeding" and this Court has jurisdiction to review the district court's conclusion.

Finally, the Judicial Conference's reliance on *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982), and *Ellis v. Dyson*, 421 U.S. 426, 434 (1975), is misplaced. *Valley Forge* is a taxpayer standing case, and simply holds that taxpayers have standing to sue only if they have a personal stake in the government action. 454 U.S. at 472, 485.

---

[4] In evaluating the merits, the Court drew the distinction that this Court regularly has drawn between adjudication of claims in a particular case, and adjudication of challenges to a rule or other authority, holding that "United States district courts, therefore, have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* at 486.

Here, in contrast, it is undisputed that Appellants have a personal stake in the dispute regarding whether they are authorized to receive a waiver of PACER fees in connection with their research project.

*Ellis* is even more remote. There, the Court made clear that individuals facing a genuine threat of prosecution under a criminal statute alleged to be unconstitutional have standing to challenge that statute in federal court. 421 U.S. at 432. The Court noted, however, that petitioners' counsel had lost contact with their clients, and it was unclear in the record whether the genuine threat of prosecution still existed. *Id.* at 434. In this context – where nobody was actually affected by the criminal law being challenged – the Court warned that "there must be parties before there is a case or controversy." *Id.* But that concern is irrelevant here. Gollan and Shifflett are actively pursuing this appeal to protect their right to seek a PACER fee waiver despite the fact that they are members of the media. They stand to benefit directly from a decision by this Court in their favor.

### 4. CONCLUSION

The Court is faced with the unusual situation of parties that agree on the primary question presented on the appeal. Because the Judicial Conference concurs with Appellants that members of the media may obtain a fee waiver if they otherwise meet the requirements enunciated by the Policy Notes – and because the Court clearly has jurisdiction to remedy the district court's incorrect interpretation

12

of the Policy Notes – the Court should adopt the interpretation urged by both the Judicial Conference and Appellants.

Gollan and Shifflett, therefore, respectfully request that the Court reverse the order of the district court and hold that all non-profits, including members of the press, are eligible for a fee waiver under the Electronic Public Access Fee Schedule and Policy Notes.

RESPECTFULLY SUBMITTED this 7th day of March, 2013.

LAW OFFICES OF JUDY ALEXANDER
JUDY ALEXANDER

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
ROCHELLE L. WILCOX


By /s/ Thomas R. Burke
      Thomas R. Burke

Attorneys for Applicants-Appellants
JENNIFER GOLLAN and SHANE SHIFFLETT

## **CERTIFICATE OF COMPLIANCE**

The foregoing brief complies with the requirements of Circuit Rule 32. The brief is proportionately spaced in Times New Roman 14-point type. According to the word processing system used to prepare the brief, the word count of the brief is 3,138, not including the table of contents, table of citations, certificate of service, certificate of compliance, statement of related cases, or any addendum containing statutes, rules or regulations required for consideration of the brief.

RESPECTFULLY SUBMITTED this 7th day of March, 2013.

        LAW OFFICES OF JUDY ALEXANDER
        JUDY ALEXANDER

        DAVIS WRIGHT TREMAINE LLP
        THOMAS R. BURKE
        ROCHELLE L. WILCOX


        By  /s/  Rochelle L. Wilcox
            Rochelle L. Wilcox

        Attorneys for Applicants-Appellants
        JENNIFER GOLLAN and SHANE SHIFFLETT

## STATEMENT OF RELATED APPEALS

Pursuant to Ninth Circuit Rule 28-2.6, Appellants-Applicants, Jennifer Gollan and Shane Shifflett, state that they are not aware of any related appeals pending in this Court.

RESPECTFULLY SUBMITTED this 7th day of March, 2013.

>LAW OFFICES OF JUDY ALEXANDER
>JUDY ALEXANDER
>
>DAVIS WRIGHT TREMAINE LLP
>THOMAS R. BURKE
>ROCHELLE L. WILCOX
>
>
>By  /s/  Thomas R. Burke
>         Thomas R. Burke
>
>Attorneys for Applicants-Appellants
>JENNIFER GOLLAN and SHANE SHIFFLETT